NTN BEARING CORPORATION OF AMERICA, American NTN Bearing Manufacturing Corporation and NTN Toyo Bearing Company, Ltd., Plaintiffs–Appellees,

v.

The UNITED STATES, The United States Department of Commerce and C. William Verity, Jr., Secretary, United States Department of Commerce, Defendants–Appellants,

The Timken Company, Defendant–Appellant.

Nos. 89–1452, 89–1491, 89–1545 and 89–1602.

United States Court of Appeals, Federal Circuit.

Dec. 20, 1989.

Donald J. Unger, Barnes, Richardson & Colburn, Chicago, Ill., argued for plaintiffs-appellees. With him on the brief were Robert E. Burke and Kazumune V. Kano.

Terence P. Stewart, Stewart & Stewart, Washington, D.C., argued for defendant-appellant. With him on the brief were Eugene L. Stewart, James R. Cannon, Jr. and Geert De Prest. David M. Cohen, Director, Dept. of Justice, Washington, D.C., argued for defendants-appellants. With him on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen. and Velta A. Melnbrencis, Asst. Director. Also on the brief were Wendell L. Willkie, II, Gen. Counsel, Stephen J. Powell, Chief Counsel for Import Admin., Stephanie Mitchell, Atty. Advisor and Joan MacKenzie, Atty. Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, RICH, Circuit Judge, and DUMBAULD, Senior Judge.*

MARKEY, Chief Judge.

The United States, the United States Department of Commerce, C. William Verity, Jr., Secretary of the United States Department of Commerce and the Timken Company (collectively Appellants) appeal from a decision of the Court of International Trade granting partial summary judgment in fa-

---

* The Honorable Edward Dumbauld, Senior Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

vor of NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Toyo Bearing Company, Ltd. (collectively NTN), enjoining further collection from NTN of estimated dumping duties on tapered roller bearings (TRBs) four inches or less in outer diameter, and requiring immediate return of estimated dumping duties previously collected on such TRBs. *NTN Bearing Corp. v. United States*, 705 F.Supp. 594 (Ct.Int'l Trade 1989). We remand with directions to vacate the injunction against duty collection and the requirement for return of duties previously collected.

## I. BACKGROUND

TRBs have been the subject of an array of antidumping suits involving numerous parties for more than a decade. The International Trade Administration of the United States Department of Commerce (ITA) issued its first antidumping duty order covering NTN's TRBs from Japan (Order I) in 1976. 41 Fed.Reg. 34,974 (1976). ITA later refined Order I to include only TRBs of four inches or less outer diameter. 46 Fed. Reg. 40,550 (1981).

Following administrative review, ITA revoked Order I as to NTN because it found that NTN was no longer making sales at less than fair value. 47 Fed.Reg. 25,757 (1982). Timken Company challenged that revocation, in a suit still pending after several appeals from and remands to ITA. *See Timken Co. v. United States*, 673 F.Supp. 495 (Ct. Int'l Trade 1987).

The present suit had its beginning in 1986, when Timken filed another antidumping petition directed, *inter alia*, to NTN's TRBs of all outer diameter sizes and TRB components. ITA investigated, found a 47.05% dumping margin, and issued an antidumping order (Order II) based on that finding. 52 Fed.Reg. 37,353 (1987). ITA found certain clerical errors and reduced the margin to 36.53%. 52 Fed.Reg. 47,955 (1987). In this suit, NTN challenged Order II, alleging: 1) it improperly includes TRBs

of four inches or less outer diameter; 2) it is unsupported by substantial evidence; and 3) it contains additional clerical errors.

NTN moved for partial summary judgment on its claim that Order II improperly included TRBs of four inches or less outer diameter already covered by Order I. Appellants cross-moved for a partial summary judgment that Order II properly included those TRBs. On February 1, 1989, the Court of International Trade granted partial summary judgment to NTN holding Order II void as to TRBs of four inches or less. The trial court went on, however, to forbid further collection of estimated dumping duties on TRBs of four inches or less outer diameter and to order return of duties previously collected on such TRBs.

The trial court declined to say there was no just reason for delay pursuant to Rule 54(b), Fed.R.Civ.P. Denying Appellants' motions for clarification of its instructions respecting duties as an injunction and for stay pending appeal, the court ordered immediate compliance with those instructions.

## II. ISSUES [1]

1. Whether this court has jurisdiction.

2. Whether the lower court erred in enjoining future collection of estimated duties and in requiring return of previously collected duties.

## III. OPINION

### A. Jurisdiction

■ The Court of International Trade's instructions respecting duties constitute an injunction, appealable pursuant to 28 U.S.C. 1292(c)(1) (1982), notwithstanding the court's refusal to style it as such. The court forbade further collection of estimated duties and required return of previously collected duties. "[F]or purposes of appeal, an injunction is an order requiring a party to do or refrain from doing something that is an integral part of the very matter in litigation...." J. Moore, J. Lu-

---

**1.** We decline the suggestion that we review on its merits the nonappealable grant of partial summary judgment.

cas & K. Sinclair, *Moore's Federal Practice,* ¶ 65.21 (1989).

### B. The Injunction

■ The Court of International Trade has broad injunctive powers. *See* 28 U.S.C. §§ 1585, 2643(c)(1) (1982). Those powers, however, may not be used to create a right but only to enforce an existing right. *Moore's Federal Practice* at ¶ 65.08. Absent a final court decision in its favor, NTN has no right to the injunctive relief granted here.[2]

The governing statutes and regulations in antidumping cases clearly define the Court of International Trade's remedial powers in such cases. *See American Air Parcel Forwarding Co., Ltd. v. United States,* 515 F.Supp. 47, 52 (Ct. Int'l Trade 1981). As was said in *Melamine Chemicals, Inc. v. United States,* 732 F.2d 924, 934 (Fed.Cir.1984) (emphasis in original), "The administrative handling of the involved entries of [merchandise] can be [a]ffected only by (1) a preliminary injunction pursuant to 19 U.S.C. § 1516a(c)(2),[3] or (2) a *final* court decision adjudicating the legality, *vel non,* of the challenged determination. 19 U.S.C. § 1516(e)." Before a final court decision, therefore, the agency determination governs entry of merchandise. 19 U.S.C. § 1516a(c)(1) (1988).

A partial summary judgment is not a final decision. Hence the trial court's instructions respecting duties constituted an improper attempt to affect the administrative handling of entries prior to any final court decision.[4] Following an affirmative agency finding of dumping, estimated duties are to be collected pending liquidation. 19 U.S.C. § 1516(b), (f) (1988); 19 C.F.R. § 353.39(e), .48(c) (1989). Because the agency determination requiring deposit of estimated antidumping duties operates until a final court decision adverse to that of the agency, estimated duties are properly collectable from NTN.

Before liquidation, refund of antidumping duties is authorized only where there has been clerical error. 19 U.S.C. § 1520(a)(4) (1988). The court's partial summary judgment on which the injunction is apparently based rests not on clerical error, but on an improper administrative procedure. Thus, return of estimated duties must await a final court decision and liquidation by the agency in accordance with that decision.

### COSTS

NTN shall bear the costs of this appeal.

### CONCLUSION

We remand to the Court of International Trade with direction to vacate its injunction against collection of estimated antidumping duties and its requirement for refund of estimated duties previously collected.

**REMANDED.**

---

**2.** The trial court set forth no reasons for granting the injunction. *See* Fed.R.Civ.P. 52(a), 65(d). A remand to enable an explication of the court's reasons would be fruitless here, where NTN clearly has no right in law to the injunction.

**3.** The trial court did not in this case enjoin liquidation pursuant to Section 1516a(c)(2). Liquidation of TRBs was enjoined in the related case. *Timken Co. v. United States,* 6 C.I.T. 76, 569 F.Supp. 65 (1983).

**4.** It is unnecessary in this case, therefore, to decide whether "final" as used in *Melamine,* can be applied to any decision of the Court of International Trade which remains appealable to this court.