**FEDERAL–MOGUL CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES, Defendant,**

**SKF USA Inc., SKF France S.A., SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Ltd. and SKF Sverige, AB; FAG Kugelfischer Georg Schafer KGaA, FAG Cuscinetti SpA, FAG (UK) Ltd., Barden Corporation (UK) Limited, FAG Bearings Corporation and Barden Precision Bearings Corporation; RHP Bearings and RHP Bearings Inc., Defendant–Intervenors.**

**Court No. 92–06–00422.**

United States Court of International Trade.

Oct. 14, 1992.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, DC, for plaintiff Federal–Mogul Corp.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Marc E. Montalbine, of counsel: Stephen J. Claeys, Craig R. Giesze and Dean A. Pinkert, Attorney–Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Howrey & Simon, Herbert C. Shelley, Alice A. Kipel, Juliana M. Cofrancesco and Thomas J. Trendl, Washington, DC, for defendant-intervenors SKF USA Inc., SKF France S.A., SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Ltd. and SKF Sverige, AB.

Grunfeld, Desiderio, Lebowitz & Silverman, Max F. Schutzman and Andrew B. Schroth, New York City, for defendant-intervenors FAG Kugelfischer Georg Schafer KGaA, FAG Cuscinetti SpA, FAG (UK) Ltd., Barden Corp. (UK) Ltd., FAG Bearings Corp. and Barden Precision Bearings Corp.

Covington & Burling, Harvey M. Applebaum and David R. Grace, Washington, DC, for RHP Bearings and RHP Bearings Inc.

## OPINION

TSOUCALAS, Judge:

Defendant-intervenors SKF USA Inc., SKF France S.A., SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Limited and SKF Sverige, AB ("SKF") move pursuant to Rules 65 and 7 of the Rules of this Court to modify the preliminary injunction issued by this Court on July 14, 1992. SKF requests this Court to modify the preliminary injunction to order the U.S. Customs Service ("Customs") to release SKF's cash deposits of estimated antidumping duties on entries of antifriction bearings subject to this action to the extent those cash deposits are in excess of the cash deposit rates calculated in the second administrative review of the antidumping duty orders covering antifriction bearings from various countries. SKF states that it will file a letter of credit to cover the amounts released.

### Background

On June 24, 1992, the Department of Commerce, International Trade Administration ("ITA"), published the final results of the second administrative review of antifriction bearings from nine countries subject to antidumping duty orders. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et al.; Final Results of Antidumping Duty Administrative Reviews* ("*Final Results*"), 57 Fed.Reg. 28,360 (1992).

On June 29, 1992, Federal–Mogul Corporation ("Federal–Mogul") filed a summons and on July 6, 1992, a complaint challenging the Final Results. On July 14, 1992, Federal–Mogul filed a consent motion requesting the Court to issue a preliminary injunction enjoining liquidation of entries of antifriction bearings subject to this contested review. The Court granted Federal–Mogul's motion and issued the injunction on July 14, 1992. *Federal–Mogul Corp. v. United States*, Court No. 92–06–00422 (order granting preliminary injunction).

At the time the injunction issued, SKF was not a party to this action. On July 15, 1992, SKF's motion to intervene was granted. *Federal–Mogul Corp. v. United States*, Court No. 92–06–00422 (order granting SKF's motion to intervene). On August 6, 1992, SKF filed the motion currently before this Court seeking to modify the previously issued preliminary injunction.

In essence, SKF's argument is that for a number of years it has been required to post cash deposits of estimated antidumping duties with Customs upon entry of

antifriction bearings from the countries covered by the outstanding antidumping duty orders. The rates at which SKF was required to make deposits were derived from the initial less than fair value ("LTFV") investigation. *See, e.g., Final Determinations of Sales at Less than Fair Value: Antifriction Bearings (Other than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany*, 54 Fed.Reg. 18,992, 18,997 (1989). The actual assessment rates calculated by the ITA in the challenged second administrative review are substantially lower than the rates of deposit from the LTFV investigation. *Final Results*, 57 Fed.Reg. at 28,361. SKF argues that (1) it was deprived of due process due to the issuance of a preliminary injunction affecting its property rights without its participation, (2) that this Court has the legal and judicial authority to modify the preliminary injunction to allow for the substitution of a letter of credit for cash deposits in excess of the rates calculated in the contested second administrative review as security pending judicial review, and (3) that it would be equitable for this Court to do so. *Memorandum in Support of Defendant-intervenors' Motion to Modify Preliminary Injunction* at 3–31. Defendant-intervenors FAG Kugelfischer Georg Schafer KGaA, FAG Cuscinetti SpA, FAG (UK) Limited, Barden Corporation (UK) Limited, FAG Bearings Corporation and Barden Precision Bearings Corporation support SKF's motion. *Memorandum in Response to Motion of SKF USA, Inc., et al., Defendant–Intervenors, to Modify Preliminary Injunction.* Defendant-intervenors RHP Bearings and RHP Bearings Inc. take no position on SKF's motion.

Defendant and Federal–Mogul oppose SKF's motion. Defendant argues that the law precludes the relief SKF is requesting and as a result, this Court cannot exercise its equitable powers to grant SKF's motion. *Defendant's Memorandum in Opposition to Motion of SKF to Modify Preliminary Injunction* at 8–25. Federal–Mogul agrees with defendant. *Federal–Mogul Corporation's Opposition to Defendant-intervenors' Motion to Modify Preliminary Injunction* at 2–8, exhibit 1.

### Discussion

This Court has broad powers to grant injunctive relief. *See* 28 U.S.C. §§ 1585, 2643(c)(1) (1988). In a case of judicial review of the final results of an antidumping duty administrative review, this Court

> may enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, the administering authority, or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances.

19 U.S.C. § 1516a(c)(2) (1988).

■ The purpose of enjoining liquidation of entries subject to a contested administrative review is to maintain the status quo and preserve the jurisdiction of the Court. *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed.Cir.1983). That is what occurred in this action.

■ Liquidation of entries of merchandise subject to an injunction under 19 U.S.C. § 1516a(c)(2) can only occur "in accordance with the *final court decision in the action.*" 19 U.S.C. § 1516a(e) (1988) (emphasis added).

Cash deposits of estimated antidumping duties are governed by 19 U.S.C. § 1673e(a) (1988) which states in pertinent part:

> [T]he administering authority shall publish an antidumping duty order which—
>
> .    .    .    .    .
>
> (3) requires the deposit of estimated antidumping duties *pending liquidation* of entries of merchandise at the same time as estimated normal customs duties on that merchandise are deposited.

**102**

(Emphasis added). There is no provision in the statute to allow for the substitution of any type of security, including a letter of credit, for these required cash deposits except during the time between the preliminary and final LTFV determinations. *See* 19 U.S.C. § 1673e(c) (1988). The provision allowing the posting of some type of security during the period between the preliminary and final LTFV determinations does not apply in this action.

In general, refund of excess estimated customs duties occurs only upon liquidation. 19 U.S.C. § 1520(a)(1) (1988). Refund of duties prior to liquidation can occur only upon a showing that any excess payment of estimated duties was due to a clerical error. 19 U.S.C. § 1520(a)(4) (1988). SKF does not argue, and there is no evidence, that its alleged payments of excess cash deposits of antidumping duties were due to a clerical error.

■ SKF's appeal to this Court to use its equity powers to grant its motion must be rejected because equity cannot be used to circumvent the law. *INS v. Pangilinan*, 486 U.S. 875, 883, 108 S.Ct. 2210, 2216, 100 L.Ed.2d 882 (1987); *Hedges v. Dixon County*, 150 U.S. 182, 183, 14 S.Ct. 71, 71, 37 L.Ed. 1044 (1893). In addition, the equities of this situation are not as clear as SKF believes. SKF assumed the risk of importing the bearings at issue knowing full well that it would have to make the cash deposits it has in fact made and that these cash deposits would be unavailable to it until liquidation of the imports. That SKF may now be harmed by this decision is its own doing.

■ SKF's due process argument must also fail. Due process is not implicated unless SKF shows that it has a protected property interest. SKF has failed to show that it has such a protected property interest here. The cash deposits of estimated antidumping duties are "deposited to the credit of the Treasurer of the United States." 19 U.S.C. § 1512 (1988). At best, SKF has a mere expectation that it may receive some or all of this money back. However, the United States Supreme Court has stated that "a mere unilateral expectation ... is not a property interest entitled to protection." *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 161, 101 S.Ct. 446, 451, 66 L.Ed.2d 358 (1980); *see also National Wildlife Fed'n v. Burford*, 835 F.2d 305, 316 (D.C.Cir.1987).

### Conclusion

This Court finds that the statutory scheme is clear that release or refund of cash deposits of "estimated [antidumping] duties must await a final court decision and liquidation by the agency in accordance with that decision." *NTN Bearing Corp. of America v. United States*, 892 F.2d 1004, 1006 (Fed.Cir.1989); *see also Diversified Prods. Corp. v. United States*, 7 CIT 49, 581 F.Supp. 736 (1984). Therefore, SKF's motion to modify the preliminary injunction must be denied.