TORRINGTON CO., PLAINTIFF, AND FEDERAL-MOGUL CORP., PLAINTIFF-INTER-
VENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF FRANCE
S.A., SKF GMBH, SKF INDUSTRIE, S.P.A., SKF (U.K.) LTD. AND SKF
SVERIGE, AB, RHP BEARINGS, AND RHP BEARINGS INC., DEFENDANT-INTER-
VENORS

Court No. 92-07-00483

(Dated October 14, 1992)

*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.,
Myron A. Brilliant, Robert A. Weaver, Margaret E. O. Edozien* and *Wesley K. Caine*) for
plaintiff.

*Frederick L. Ikenson, P.C.* (*Frederick L. Ikenson, J. Eric Nissley* and *Joseph A. Perna, V*)
for plaintiff-intervenor Federal-Mogul Corporation.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice (*Marc E. Montalbine*); of
counsel: *Stephen J. Claeys, Craig R. Giesze* and *Dean A. Pinkert,* Attorney-Advisors, Office
of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defen-
dant.

*Howrey & Simon* (*Herbert C. Shelley, Alice A. Kipel, Juliana M. Cofrancesco* and
*Thomas Trendl*) for defendant-intervenors SKF USA Inc., SKF France S.A., SKF GmbH,
SKF Industrie, S.p.A., SKF (U.K.) Ltd. and SKF Sverige AB.

*Covington & Burling* (*Harvey M. Applebaum* and *David R. Grace*) for RHP Bearings and
RHP Bearings Inc.

## OPINION

TSOUCALAS, *Judge:* Plaintiff, The Torrington Company ("Tor-
rington"), moves pursuant to Rules 7 and 65(a) of the Rules of this Court
for a preliminary injunction enjoining liquidation of entries of antifric-
tion bearings subject to the administrative review being challenged in
this action. Defendant-intervenors SKF USA Inc., SKF France S.A.,
SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Ltd. and SKF Sverige
AB ("SKF") oppose Torrington's motion for a preliminary injunction.
SKF requests this Court to narrow the scope of the requested prelimi-
nary injunction by ordering the U.S. Customs Service ("Customs") to
release SKF's cash deposits of estimated antidumping duties on entries
of antifriction bearings subject to this action to the extent those cash
deposits are in excess of the cash deposit rates calculated in the second

administrative review of the antidumping duty orders covering antifriction bearings. SKF states that it will file a letter of credit to cover the amounts released.

## BACKGROUND

On June 24, 1992, the Department of Commerce, International Trade Administration ("ITA"), published the final results of the second administrative review of antifriction bearings from nine countries subject to antidumping duty orders. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et al.; Final Results of Antidumping Duty Administrative Reviews ("Final Results")*, 57 Fed. Reg. 28,360 (1992).

On July 21, 1992, Torrington filed a summons and on August 20, 1992, a complaint challenging the Final Results. On August 20, 1992, Torrington filed a motion requesting this Court to issue a preliminary injunction enjoining liquidation of entries of antifriction bearings subject to this contested review.

On September 9, 1992, SKF's motion to intervene was granted. *The Torrington Company v. United States,* Court No. 92–07–00483 (order granting SKF's motion to intervene). On September 11, 1992, SKF filed an opposition to Torrington's motion for a preliminary injunction seeking to narrow the scope of the preliminary injunction requested by Torrington.

In essence, SKF's argument is that for a number of years it has been required to post cash deposits of estimated antidumping duties with Customs upon entry of antifriction bearings from the countries covered by the outstanding antidumping duty orders. The rates at which SKF was required to make deposits were derived from the initial less than fair value ("LTFV") investigation. *See, e.g., Final Determinations of Sales at Less than Fair Value: Antifriction Bearings (Other than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany,* 54 Fed. Reg. 18,992, 18,997 (1989). The actual assessment rates calculated by the ITA in the challenged second administrative review are substantially lower than the rates of deposit from the LTFV investigation. *Final Results,* 57 Fed. Reg. at 28,361. SKF argues that (1) issuance of the requested preliminary injunction will deprive SKF of its due process rights by adversely affecting its property rights without prior notice and the opportunity to comment, (2) that this Court has the legal and judicial authority to modify the preliminary injunction to allow for the substitution of a letter of credit for cash deposits in excess of the rates calculated in the contested second administrative review as security pending judicial review, and (3) that it would be equitable for this Court to do so. *Defendant-intervenors' Opposition to Plaintiff's Motion for Preliminary Injunction* at 6–32.

## DISCUSSION

This Court adheres to its decision in *Federal-Mogul v. United States,* 16 CIT 893, Slip Op. 92–177 (October 14, 1992) and finds that the statu-

tory scheme is clear that release or refund of cash deposits of "estimated [antidumping] duties must await a final court decision and liquidation by the agency in accordance with that decision." *NTN Bearing Corp. of America v. United States,* 892 F.2d 1004, 1006 (Fed. Cir. 1989); *see also Diversified Prods. Corp. v. United States,* 7 CIT 49, 581 F. Supp. 736 (1984). In addition, SKF's due process argument in this action fails because SKF had the opportunity to comment on Torrington's motion and those comments have been carefully considered by this Court. Therefore, plaintiff's motion for a preliminary injunction is granted.