**FEDERAL–MOGUL CORPORATION, Plaintiff and Plaintiff–Intervenor,**

**The Torrington Company, Plaintiff and Plaintiff–Intervenor,**

v.

**UNITED STATES, Defendant,**

**NTN BEARING CORPORATION OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORPORATION and NTN CORPORATION; KOYO SEIKO CO., LTD. and KOYO CORPORATION OF U.S.A.; PEER BEARING COMPANY; NSK LTD. and NSK CORPORATION; CATERPILLAR INC.; MINEBEA CO., LTD. and NMB CORPORATION, Defendants–Intervenors.**

Consol. No. 91–07–00530.
Slip Op. 93–82.

United States Court of
International Trade.

May 25, 1993.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, for plaintiff and plaintiff-intervenor Federal–Mogul Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan, John M. Breen, Geert De Prest, Margaret E.O. Edozien, Lane S. Hurewitz, Patrick J. McDonough, Robert A. Weaver and Amy S. Dwyer, for plaintiff and plaintiff-intervenor The Torrington Company.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis and Jane E. Meehan, of counsel; John D. McInerney, Acting Deputy Chief Counsel for Import Admin., Dean A. Pinkert, Stephen J. Claeys and Craig R. Giesze, Atty.–Advisors, Office of

Chief Counsel for Import Admin., U.S. Dept. of Commerce, for defendant.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Neil R. Ellis, Susan E. Silver, T. George Davis and Niall P. Meagher, for defendants-intervenors Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.

Barnes, Richardson & Colburn, Robert E. Burke, Donald J. Unger, Kazumune V. Kano and Diane A. MacDonald, for defendants-intervenors NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp. and NTN Corp.

Coudert Brothers, Robert A. Lipstein, Matthew P. Jaffe and Nathan V. Holt, for defendants-intervenors NSK Ltd. and NSK Corp.

Venable, Baetjer, Howard & Civiletti, John M. Gurley, John C. Dibble and Lindsay B. Meyer, for defendant-intervenor Peer Bearing Co.

Powell, Goldstein, Frazer & Murphy, Richard M. Belanger, Neil R. Ellis and D. Christine Wood, for defendant-intervenor Caterpillar Inc.

Tanaka Ritger & Middleton, H. William Tanaka, Michele N. Tanaka and Michael J. Brown, for defendants-intervenors Minebea Co., Ltd. and NMB Corp.

### *OPINION*

TSOUCALAS, Judge:

Plaintiff, Federal–Mogul Corporation ("Federal–Mogul"), commenced this action to challenge certain aspects of the Department of Commerce, International Trade Administration's ("ITA") final results in the first administrative review of imports of antifriction bearings from Japan. *Anti-friction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan; Final Results of Antidumping Duty Administrative Reviews ("Final Results")*, 56 Fed.Reg. 31,754 (1991).

On June 11, 1990, the ITA initiated an administrative review of imports of ball bearings, cylindrical roller bearings, spherical plain bearings and parts thereof from Japan. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From*

*the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand and the United Kingdom Initiation of Antidumping Administrative Reviews,* 55 Fed.Reg. 23,575 (1990).

On March 15, 1991, the ITA published its preliminary determination in the administrative review. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts thereof from Japan; Preliminary Results of Antidumping Duty Administrative Reviews and Partial Termination of Antidumping Duty Administrative Reviews,* 56 Fed.Reg. 11,186 (1991).

On July 11, 1991, the ITA published its Final Results in this proceeding. *Final Results,* 56 Fed.Reg. 31,754.

Federal–Mogul alleges that five clerical errors exist in the ITA's Final Results. *Memorandum in Support of Federal–Mogul Corporation's First Motion for Partial Judgment on the Agency Record* at 2–12. Defendant has admitted that three of these errors are valid and requests this Court to remand this case at the proper time for the correction of these three errors. *Defendant's Memorandum in Partial Opposition to Federal–Mogul Corporation's First Motion for Partial Judgment on the Agency Record* at 2–9.

Federal–Mogul now agrees with defendant that remand is necessary for only the following three errors: (1) a double-deduction of pre-sale freight in the calculation of Nachi–Fujikoshi Corporation's ("Nachi") foreign market value, (2) mistreatment of Nachi's research and development expenses as selling expenses for purposes of adjusting constructed value, and (3) the failure to remove all selling expenses from Izumoto Seiko Co., Ltd.'s exporter's sales price. *Federal–Mogul Corporation's Reply to Defendant's Partial Opposition to Federal–Mogul Corporation's First Motion for Partial Judgment on the Agency Record* at 1–2.

This Court has often remanded cases to the ITA to correct inadvertent computer programming and ministerial errors such as those in this case. *See Daewoo Elecs. Co. v. United States,* 15 CIT 124, 132–133, 760 F.Supp. 200, 208 (1991); *Serampore Indus.*

*Pvt. Ltd. v. United States,* 12 CIT 825, 834, 696 F.Supp. 665, 673 (1988). Therefore, this Court remands this case to the ITA to correct these three errors. The results of this remand will be due at the same time as the results of the remand filed pursuant to *Federal–Mogul Corp. v. United States,* 17 CIT ——, 813 F.Supp. 856 (1993).

## ORDER

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that this case is remanded to the Department of Commerce, International Trade Administration ("ITA") to correct the following three errors: (1) a double-deduction of pre-sale freight in the calculation of Nachi–Fujikoshi Corporation's ("Nachi") foreign market value, (2) mistreatment of Nachi's research and development expenses as selling expenses for purposes of adjusting constructed value, and (3) the failure to remove all selling expenses from Izumoto Seiko Co., Ltd.'s exporter's sales price; and it is further

**ORDERED** that the ITA will file the results of this remand with this Court on June 28, 1993 along with the results of remand filed pursuant to *Federal–Mogul Corp. v. United States,* 17 CIT ——, 813 F.Supp. 856 (1993).