**FEDERAL–MOGUL CORPORATION, Plaintiff and Plaintiff–Intervenor,**

**The Torrington Company, Plaintiff and Plaintiff–Intervenor,**

v.

**UNITED STATES, Defendant,**

NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation; Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.; Peer Bearing Company; NSK Ltd. and NSK Corporation; Caterpillar Inc.; Minebea Co., Ltd. and NMB Corporation, Defendant–Intervenors.

Court No. 91–07–00530.

United States Court of International Trade.

July 15, 1993.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, DC, for plaintiff and plaintiff-intervenor Federal–Mogul Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan, John M. Breen, Geert De Prest, Margaret E.O. Edozien, Lane S. Hurewitz, Patrick J. McDonough, Robert A. Weaver and Amy S. Dwyer, Washington, DC, for plaintiff and plaintiff-intervenor The Torrington Co.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Velta A. Melnbrencis and Jane E. Meehan), of counsel: John D. McInerney, Acting Deputy Chief Counsel for Import Admin., Dean A.

Pinkert, Stephen J. Claeys and Craig R. Giesze, Attorney–Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Neil R. Ellis, Susan E. Silver and Niall P. Meagher, Washington, DC, for defendant-intervenors Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.

Barnes, Richardson & Colburn, Robert E. Burke, Donald J. Unger, Kazumune V. Kano and Diane A. MacDonald, Chicago, IL, for defendant-intervenors NTN Bearing Corporation of America, American NTN Bearing Mfg. Corp. and NTN Corp.

Coudert Brothers, Robert A. Lipstein, Matthew P. Jaffe and Nathan V. Holt, Washington, DC, for defendant-intervenors NSK Ltd. and NSK Corp.

Venable, Baetjer, Howard & Civiletti, John M. Gurley, John C. Dibble and Lindsay B. Meyer, Washington, DC, for defendant-intervenor Peer Bearing Co.

Powell, Goldstein, Frazer & Murphy, Richard M. Belanger, Neil R. Ellis and D. Christine Wood, Washington, DC, for defendant-intervenor Caterpillar Inc.

Tanaka Ritger & Middleton, H. ·William Tanaka, Michele N. Tanaka and Michael J. Brown, Washington, DC, for defendant-intervenors Minebea Co., Ltd. and NMB Corp.

### *OPINION*

TSOUCALAS, Judge:

Defendant moves pursuant to Rules 1, 6 and 7 of the Rules of this Court for modification of *Federal–Mogul Corp. v. United States,* 17 CIT ——, 822 F.Supp. 782 (1993), to eliminate the requirement that the Department of Commerce, International Trade Administration ("ITA"), reinstate the "all others" cash deposit rate from the less-than-fair-value ("LTFV") investigation for entries made between May 1, 1992 and June 23, 1992, which have as yet not become subject to assessment pursuant to a subsequent administrative review, and to vacate the corresponding remand order. *Defendant's Motion for Modification of Slip Op. 93–83 and*

*Vacatur of Remand Order ("Defendant's Motion").*

## Background

Plaintiff, Federal–Mogul Corporation ("Federal–Mogul"), commenced this action to challenge certain aspects of the ITA's final results in the first administrative review of imports of antifriction bearings ("AFBs") from Japan. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan; Final Results of Antidumping Duty Administrative Reviews ("Final Results")*, 56 Fed.Reg. 31,754 (1991).

Federal–Mogul filed a second motion for partial judgment on the agency record pursuant to Rule 56.1 of the Rules of this Court alleging that the ITA's use of the "all others" rate calculated during this administrative review for companies subject to the "all others" cash deposit rate from the LTFV investigation who were not examined during this review was not in accordance with law.

Specifically, Federal–Mogul argued that the ITA's use of the "all others" rate calculated during this administrative review as a new cash deposit rate for companies previously subject to the LTFV "all others" rate and not reviewed during this administrative review was not in accordance with 19 U.S.C. § 1675(a)(2) (1988) and 19 C.F.R. § 353.-22(e)(1) (1991). *See Federal–Mogul*, 17 CIT at —— – ——, 822 F.Supp. at 784–87.

Defendant argued that this Court should refuse to reach the issue of the ITA's use of the new "all others" rate as the cash deposit rate for companies which were not subject to review because publication of new cash deposit rates in *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et al.; Final Results of Antidumping Duty Administrative Reviews*, 57 Fed.Reg. 28,360 (1992), made the issue moot.

On the merits, defendant argued that its actions were supported by substantial evidence on the administrative record and in accordance with law. *Federal–Mogul*, 17 CIT at —— – ——, 822 F.Supp. at 786–87.

This Court found that the issue was not moot because the ITA's use of the new "all others" rate for unreviewed. companies covers entries made between May 1, 1992 and June 23, 1992, which are not yet subject to an administrative review and have not yet been liquidated. Therefore, these entries are still subject to the Final Results at issue here and are within this Court's jurisdiction. 28 U.S.C. § 1581(c). *Id.* at —— – ——, 822 F.Supp. at 787.

On the merits, this Court found that "[i]n a situation where a company's entries are unreviewed, the prior cash deposit rate from the LTFV investigation becomes the assessment rate, which must in turn become the new cash deposit rate for that company" citing 19 U.S.C. § 1675(a)(2). *Federal–Mogul*, 17 CIT at —— – ——, 822 F.Supp. at 787–88.

This Court remanded this issue to the ITA "to allow the ITA to reinstate the 'all others' cash deposit rate from the LTFV investigation for entries made between May 1, 1992 and June 23, 1992, which have as yet not become subject to assessment pursuant to a subsequent administrative review." *Federal–Mogul*, 17 CIT at —— – ——, 822 F.Supp. at 788–89.

## Discussion

Defendant argues that this Court has not entered final judgment on this issue pursuant to Rule 54(b) but, nevertheless, has in effect ordered final relief by ordering the reinstatement of the "all others" cash deposit rate from the LTFV investigation for entries made from May 1, 1992 to June 23, 1992. Defendant essentially argues that the Court does not have the power to order this action by the ITA.

In support of its position, defendant relies on the Court of Appeals for the Federal Circuit's decision in *NTN Bearing Corp. of America v. United States*, 892 F.2d 1004, 1006 (Fed.Cir.1989), which stated:

As was said in *Melamine Chemicals, Inc. v. United States*, 732 F.2d 924, 934 (Fed. Cir.1984) (emphasis in original), "The administrative handling of the involved entries of [merchandise] can be [a]ffected only by (1) a preliminary injunction pursu-

ant to 19 U.S.C. § 1516a(c)(2), or (2) a *final* court decision adjudicating the legality, *vel non,* of the challenged determination. 19 U.S.C. § 1516(e)." Before a final court decision, therefore, the agency determination governs entry of merchandise. 19 U.S.C. § 1516a(c)(1) (1988).

A partial summary judgment is not a final decision. Hence the trial court's instructions respecting duties constituted an improper attempt to affect the administrative handling of entries prior to any final court decision.

Defendant points out that the preliminary injunctions that have been issued in this consolidated case do not enjoin liquidation of entries made between May 1, 1992 and June 23, 1992, and no final decision or judgment has been entered in this case. Therefore, deposits of estimated duties for entries made between May 1, 1992 and June 23, 1992, are still subject to the ITA's administrative determination. *NTN,* 892 F.2d at 1006.

Defendant states that 19 U.S.C. § 1516a(c)(1) requires that unless liquidation of entries has been enjoined by court order, entries of the merchandise covered by the contested administrative determination "shall be liquidated in accordance with the determination of … the administering authority … if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication in the Federal Register by … the administering authority of a notice of a decision of the United States Court of International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with that determination." Defendant argues that pursuant to *Timken Co. v. United States,* 893 F.2d 337, 341–42 (Fed.Cir. 1990), the notice referred to in 19 U.S.C. § 1516a(c)(1) is the first notice of final court decision adverse to the administering authority.

In addition, defendant argues that while this Court has not ordered liquidation of entries made between May 1, 1992 and June 23, 1992 at the LTFV "all others" rate, that is the actual result of the remand at issue in this case and that such action is in conflict with *NTN,* 892 F.2d at 1006. *Defendant's Motion* at 4–8.

Finally, defendant also argues that parties whose entries of the subject merchandise are covered by the outstanding dumping order were required to request an administrative review of the entries at issue here during the month of May, 1993. Defendant argues that these parties made their decision whether or not to request a review based on the cash deposit rate derived from the first review which this Court has now ordered changed. Defendant argues that since *Federal–Mogul,* 17 CIT ——, 822 F.Supp. 782, was entered on May 25, 1993, interested parties had only six days to decide if they wished to request an administrative review based on the cash deposit rates from the LTFV investigation, assuming they were even aware of this Court's decision. *Defendant's Motion* at 8–10. Defendant argues that "fairness requires that the 'all others' rate from the LTFV investigation not be reinstated retroactively in circumstances in which the parties' time for requesting an administrative review is likely to have expired without an opportunity to avoid automatic assessment at the reinstated cash deposit rate." *Id.* at 10.

Federal–Mogul opposes defendant's motion arguing that the challenged Final Results at issue here set the cash deposit rate for entries made between May 1, 1992 and June 23, 1992, and that Federal–Mogul clearly has the right to challenge these cash deposit rates as part of its challenge to the Final Results. Federal–Mogul argues that nothing in *NTN* prevents this Court from ordering the ITA to reinstate the LTFV investigation "all others" cash deposit rate for these entries which are still subject to the cash deposit rates set in the Final Results. *Opposition of Federal–Mogul Corporation, Plaintiff, to Defendant's Motion for Modification of Slip Op. 93–83 and for Vacatur of Remand Order ("Federal–Mogul's Opposition")* at 2–3.

Federal–Mogul argues that the defendant's reliance argument is also weak since defendant identifies no party who has been affected by this Court's order. Federal–Mogul argues that there could not have been any detrimental reliance by any interested party because all parties interested in trade in antifriction bearings from Japan must

have known that the new "all others" cash deposit rate from the first administrative review had been challenged in this case before the May 31, 1993 deadline to request an administrative review covering entries made between May 1, 1992 and June 23, 1992, and because this Court issued Slip Op. 93–83 six days before the May 31, 1993 deadline. *Federal–Mogul's Opposition* at 3–4.

In *Federal–Mogul,* 17 CIT ——, 822 F.Supp. 782, this Court found that as a matter of law the ITA is required to continue to use the LTFV "all others" cash deposit rate as the new cash deposit rate for entries of AFBs from Japan made by companies which were not subject to review as part of the first administrative review of entries of AFBs from Japan. This Court remanded this issue to the ITA to reinstate the LTFV "all others" cash deposit rate for unreviewed companies. *Id.* at —— — ——, 822 F.Supp. at 788–89.

As to the defendant's reliance argument, this Court finds that all interested parties were, or should have been, on notice that the "all others" cash deposit rate from the Final Results of the first administrative review was being challenged in this action. Since this Court's decision in *Federal–Mogul,* 17 CIT ——, 822 F.Supp. 782, was entered on May 25, 1993, six days before the deadline for requesting an administrative review of entries made between May 1, 1992 and June 23, 1992, all interested parties were, or should have been, on notice that this Court ordered the ITA to reinstate the LTFV "all others" cash deposit rate.

Due to the complexity of, and length of time required to complete, administrative reviews of the antidumping duty order on antifriction bearings from Japan, the ITA is often able to argue that issues dealing with cash deposit rates become moot upon publication of cash deposit rates in subsequent administrative reviews. That is what defendant argued in this case. This Court rejected that argument in *Federal–Mogul,* 17 CIT at ——, 822 F.Supp. at 787. However, defendant continues to use this argument as a way to avoid following the orders of this Court in regard to issues which involve cash

deposits only. This Court refuses to condone defendant's attempts to avoid the clear dictates of the law.

However, this Court now agrees with defendant that it cannot on remand, pursuant to a partial summary judgment, order the ITA to reinstate the "all others" cash deposit rate from the LTFV investigation for entries subject to this administrative review's cash deposit rates made between May 1, 1992 and June 23, 1992. This Court agrees that in order to do so the Court must enter final judgment on this issue pursuant to Rule 54(b). *NTN,* 892 F.2d at 1006.

Therefore, since as a matter of law the ITA erred in calculating during this administrative review a new "all others" cash deposit rate for future entries made by unreviewed companies, and since there is no just reason for delay in the entry of final judgment on this issue, this Court is entering final judgment on this issue ordering the ITA to reinstate the "all others" cash deposit rate from the LTFV investigation for entries subject to this administrative review's "all others" cash deposit rate made between May 1, 1992 and June 23, 1992.

### ORDER

Defendant moves this Court to modify *Federal–Mogul Corp. v. United States,* 17 CIT ——, 822 F.Supp. 782 (1993) to eliminate the requirement that the Department of Commerce, International Trade Administration ("ITA"), reinstate the "all others" cash deposit rate from the less-than-fair-value investigation for entries made between May 1, 1992 and June 23, 1992, and to vacate the corresponding remand order; and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

ORDERED that defendant's motion is denied; and it is further

ORDERED that the ITA reinstate the "all others" cash deposit rate from the less-than-fair-value investigation for entries subject to this administrative review's cash deposit

rates made between May 1, 1992 and June 23, 1992; and that

Pursuant to Rule 54(b) of the Rules of this Court, this is a final judgment as to Count 4(k) of plaintiff's complaint and there is no just reason for delay in entry of final judgment.